**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAMMY L. O'DONNELL | : | |
| | : | |
| Appellant | : | No. 622 WDA 2022 |

Appeal from the Judgment of Sentence Entered February 22, 2022
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0000895-2021, CP-11-CR-0000896-2021

BEFORE: PANELLA, P.J., BENDER, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: June 30, 2023**

Tammy O'Donnell appeals from the judgment of sentence imposed by the Cambria County Court of Common Pleas following a violation of parole ("VOP") hearing. At the time of the VOP hearing, O'Donnell was on parole from the judgment of sentence imposed after she entered a guilty plea related to two separate docket numbers. Appointed counsel has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and an application to withdraw from representation. We grant counsel's application, and affirm the judgment of sentence.

In July 2021, O'Donnell was charged with several offenses, including DUI: Highest Rate of Alcohol, at criminal docket number CP-11-CR-0000895-

_____

[*] Retired Senior Judge assigned to the Superior Court.

2021. The following month, O'Donnell was charged with several other offenses related to a separate incident, including aggravated assault and terroristic threats, at criminal docket number CP-11-CR-0000896-2021.

On January 25, 2022, the trial court held a guilty plea hearing. O'Donnell pleaded guilty to DUI: Highest Rate of Alcohol at criminal docket number CP-11-CR-0000895-2021 and to terroristic threats at criminal docket number CP-11-CR-0000896-2021. On February 22, 2022, the trial court sentenced O'Donnell to 72 hours to six months' imprisonment for the DUI charge and a concurrent term of imprisonment of six months to two years less one day for the terroristic threats charge. The court also directed O'Donnell to complete an inpatient drug and alcohol treatment program and then attend the Day Reporting Center ("DRC"), and abstain from drugs and alcohol. O'Donnell did not file an appeal from that judgment of sentence.

O'Donnell was released to an inpatient treatment program on March 16, 2022. After she completed that program, the trial court granted O'Donnell parole, subject to the conditions imposed at the time of sentencing. The following day, O'Donnell's parole officer detained O'Donnell because she had failed to attend the DRC and tested positive for alcohol.

The trial court held a VOP hearing on May 10, 2022. The court found O'Donnell had violated her parole and recommitted O'Donnell to serve the balance of her sentence. The court, however, specifically informed O'Donnell she could petition the court for a parole hearing once she had a valid home

plan verified and "as soon as that happens, we'll come right back in for a review hearing, and then I can auto-parole you to that, along with the DRC." N.T., 5/10/22, at 10; Parole Violation Hearing Order, 5/10/22, at 1 ("verification of home plan and then to DRC").

O'Donnell filed an untitled, single document *pro se* on May 18, 2022, which purportedly sought to appeal this judgment of sentence and contained both criminal docket numbers in the upper right-hand corner of the filing. The court treated the *pro se* filing as a single, timely notice of appeal.

As an initial matter, we acknowledge that this *pro se* filing implicates **Commonwealth v. Walker,** 185 A.3d 969 (Pa. 2018), *reversed in part by* **Commonwealth v. Young**, 265 A.3d 462 (Pa. 2021). In **Walker**, our Supreme Court held that appellants are required to file separate notices of appeal when a single order resolves issues arising on more than one lower court docket. **See Walker,** 185 A.3d at 976. **Walker** announced a prospective bright-line rule that a failure to file separate notices of appeal in these circumstances would result in the quashal of the appeal. **See id.** at 977.[1]

_____

[1] We acknowledge the Supreme Court held in **Young** that the Rules of Appellate Procedure require that "when a single order resolves issues arising on more than one docket, separate notices of appeal must be filed from that order at each docket; but, where a timely appeal is erroneously filed at only one docket, [Pa.R.A.P.] 902 permits the appellate court, in its discretion, to allow correction of the error[.]" **Young**, 265 A.3d at 477; **see also** Pa.R.A.P. 902 (amended May 18, 2023). We find any such step to be unnecessary here given that, as explained above, we would not have quashed this appeal under **Walker**.

However, this Court carved out several exceptions to the rule announced in ***Walker***, one of which applies to this case. In ***Commonwealth v. Larkin***, this Court held that we will overlook the requirements of ***Walker*** and decline to quash a single notice of appeal from an order resolving multiple lower court docket matters where a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights. ***See Larkin***, 235 A.3d 350, 354 (Pa. Super. 2020) (*en banc)*. Applying that exception to the circumstances in ***Larkin***, the Court noted that although Larkin had improperly filed a single notice of appeal from an order disposing of two separate criminal docket numbers, that order had informed Larkin that he had 30 days to file "an" appeal. ***See id.*** The court found that this failure to inform Larkin of the need to file separate appeals from the single order disposing of two criminal docket numbers constituted a breakdown in court operations, and we therefore declined to quash the appeal. ***See id.*** at 353-354.

Here, our review of the May 10, 2022 order and the VOP hearing notes of testimony reveal that the court did not inform O'Donnell of her appellate rights in the order or at the hearing, including her right to file notices of appeal from the judgment of sentence. By logical extension from ***Larkin***, this constitutes a breakdown in the court's operations, and we can proceed to the substance of O'Donnell's appeal.

Following the submission of the *pro se* filing which was treated as a notice of appeal, the trial court directed O'Donnell to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. O'Donnell filed a statement *pro se*. She raised six issues in the statement, including what appeared to be allegations of misconduct and claims that her plea was involuntary, her counsel had been ineffective, and certain evidence had been improperly admitted. In response, the trial court stated:

> [O'Donnell] makes numerous allegations of misconduct and conspiracy by parties ranging from the District Attorney to probation officers and the Court itself. None of her writings contain legally cognizable claims for the Superior Court to consider and, accordingly[,] it ought to be dismissed. The Superior Court has held that an appeal from a judgment of sentence imposed after the revocation of probation or parole is limited to the validity of the revocation proceedings and the legality of the final judgment of sentence. A cursory review of the record in this case clearly establishes that the revocation proceedings on May 10, 2022 were valid and that the Court's decision to recommit [O'Donnell] to jail pending the establishment of a valid home plan was manifestly legal.

Statement in Lieu of Opinion, 11/15/2022, at 2 (quotation marks and citation omitted).

Counsel filed a motion to withdraw from representation, which the trial court granted and then appointed new counsel. Counsel filed an **Anders** brief. In the brief, counsel identified several claims O'Donnell wished to raise on appeal, including that the trial court abused its discretion by imposing an excessive sentence and then ordering her to serve the balance of that

sentence following the VOP hearing, that her guilty plea had been involuntary, and that plea counsel had provided ineffective assistance.

Counsel reviewed each of the issues in his brief, and concluded that the issues were meritless. He asserted there were no other non-frivolous issues to appeal, and therefore, filed an application to withdraw from representation along with his **Anders** brief. As a threshold matter, we have reviewed counsel's brief and application and conclude that they meet the requirements set forth for counsel seeking to withdraw from representation on direct appeal. **See Commonwealth v. Orellana**, 86 A.3d 877, 879-880 (Pa. Super. 2014).[2] Accordingly, we turn to our own review of the appeal to determine if it is wholly frivolous. **See Commonwealth v. Wrecks,** 931 A.2d 717, 721 (Pa. Super. 2007) (stating that once this Court determines that counsel's application and brief satisfy **Anders**, the Court must then conduct its own review of the appeal to determine if it is wholly frivolous).

In doing so, we agree with the trial court and O'Donnell's counsel that there are no non-frivolous issues to raise on appeal.

_____

[2] Specifically, counsel seeking to withdraw from representation on direct appeal under **Anders** must file a brief that: 1) provides a summary of the procedural history and facts; 2) refers to anything in the record that counsel believes arguably supports the appeal; and 3) sets forth counsel's conclusions that the appeal is frivolous, and the reasons for that conclusion. **See id.** Counsel must also provide a copy of the **Anders** brief to his client, with an accompanying letter that advises the client of his right to: 1) retain new counsel to pursue the appeal; 2) proceed *pro se*; or 3) raise additional points deemed worthy of the Court's attention. **See id.** at 880. Counsel for O'Donnell substantially complied with these requirements here.

First, counsel addresses O'Donnell's apparent assertion that her original sentence was excessive and the trial court abused its discretion in recommitting her to that sentence following her VOP hearing. Counsel notes that O'Donnell did not file post-sentence motions or a notice of appeal from the sentence when it was originally imposed, and therefore has waived a claim that such a sentence, which was in the standard range of the sentencing guidelines, was excessive and constituted an abuse of the trial court's discretion. **See** Pa.R.A.P. 902, 903; Pa.R.Crim.P. 720(A). We also note that O'Donnell did not include a claim that her sentence was excessive in her Pa.R.A.P. 1925(b) statement, and it is waived for that reason as well. **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998).

And, as the trial court noted, it revoked O'Donnell's parole based on evidence that she did not report to the DRC and tested positive for alcohol, in clear violation of her conditions of parole. Once the court revoked O'Donnell's parole, the only option it had was to recommit O'Donnell to serve the original sentence. **See Commonwealth v. Kalichak**, 943 A.2d 285, 290 (Pa. Super. 2008).

Of course, O'Donnell may again be paroled at a later point. **See id.** The court specifically informed O'Donnell that she could once again petition for parole and be released to the DRC once she had a verified home plan. The court noted at the time of writing its Pa.R.A.P. 1925(a) statement that O'Donnell had not done so.

Based on the above, we fail to see how O'Donnell's claim challenging the discretionary aspects of the trial court's original sentence could offer her any basis for relief.

Counsel also maintained in his brief that any claim that O'Donnell's plea was involuntary is waived as she did not challenge the validity of her plea until the instant appeal. As such, she did not object to the validity of her plea during her colloquy or file a motion to withdraw the guilty plea. *See Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013) (stating that a defendant who wishes to challenge the voluntariness of her guilty plea must either object during the colloquy or file a motion to withdraw the plea within ten days of sentencing and failure to employ either measure results in waiver). Even if this issue were not waived, we note that the court conducted a full colloquy of O'Donnell prior to accepting her guilty plea. *See* N.T., 2/25/2022, at 2-9. We therefore agree with counsel that O'Donnell's belated claim that her plea was involuntary does not offer any basis for relief.

Counsel also explains that although O'Donnell apparently wishes to challenge the admissibility of certain evidence, she does so for the first time on appeal. She did not raise any such challenges to the introduction of evidence before the trial court. Therefore, this claim is also waived. *See* Pa.R.A.P. 302(a).

Counsel also points out that O'Donnell complains generally of ineffective representation by counsel, but notes that ineffectiveness claims are generally

deferred until collateral review. **See Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013). And the circumstances of this appeal do not justify the application of any of the exceptions to this general rule. **See id**. at 563-564.

We agree with O'Donnell's counsel that the issues raised in the **Anders** brief are without merit. We have reviewed the record and the appeal and do not see any other claims that are non-frivolous. Accordingly, we grant counsel's application to withdraw and affirm the judgment of sentence.

Application to withdraw granted. Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/30/2023